NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4367
_____

OSCAR GENAO GUZMAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A043-628-243)
Immigration Judge: Honorable Margaret R. Reichenberg

Submitted under Third Circuit LAR 34.1(a)
on September 11, 2012

BEFORE: SCIRICA, ROTH and BARRY, Circuit Judges

(Opinion filed: October 4, 2012 )
_____

O P I N I O N
_____

**ROTH,** Circuit Judge:

Oscar Genao Guzman filed a petition for review of a final order of dismissal

issued by the Board of Immigration Appeals (BIA). For the reasons that follow, we will

deny the petition.

## I. **Background**

Guzman, a citizen of the Dominican Republic, entered the United States as a lawful permanent resident on August 28, 1992.  He was arrested in Rhode Island on December 2, 1993, and charged with possession of cocaine with intent to deliver.  Guzman left the state for thirteen years and did not answer the charges until he returned in 2006.  On October 5, 2006, the state court dismissed the charge of possession with intent to deliver a controlled substance, and Guzman pled *nolo contendere* to an amended charge of frequenting a narcotics nuisance.  He was sentenced to one year probation.

On May 16, 2010, Guzman arrived at Newark Liberty International Airport after a trip to the Dominican Republic and attempted to enter the United States as a lawful permanent resident.  He was detained and subsequently served with a Notice to Appear, charging that he was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  On November 15, 2010, he filed a motion with the Superior Court in Rhode Island to amend the date of his criminal conviction.  The court granted the motion and entered the judgment and disposition *nunc pro tunc* to March 29, 1996.

In his removal proceedings, Guzman requested relief under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c) (repealed 1996).  The Immigration Judge (IJ) denied his section 212(c) application and found him removable.  The BIA dismissed Guzman's appeal of this decision on November 29, 2011, issuing a final order of removal.

Guzman filed a timely petition for review in this Court and moved to stay

removal. The government moved to dismiss the petition for lack of jurisdiction. We denied the motion to dismiss and the motion for a stay of removal.

## II. Jurisdiction and Standard of Review

The government contests our jurisdiction to hear this petition for review, arguing that 8 U.S.C. § 1252(a)(2)(C) deprives us of "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C). Because Guzman was convicted of a controlled substance violation covered under section 1182(a)(2), section 1252(a)(2)(C) would divest us of jurisdiction over this petition.

However, section 1252(a)(2)(D) permits judicial review of constitutional claims and questions of law raised in petitions otherwise not reviewable under section 1252(a)(2)(C). We have interpreted questions of law to encompass "pure questions of law" and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Att'y Gen.,* 420 F.3d 202, 211 (3d Cir. 2005) (internal quotation marks and citations omitted). Guzman raises one issue in his petition: whether the BIA and IJ erred as a matter of law in holding that an amended date of conviction entered *nunc pro tunc* to March 29, 1996, did not render him eligible for a section 212(c) waiver. Because this is an issue of application of law to fact and the facts are undisputed, we have jurisdiction under section 1252(a)(2)(D).

We "review the BIA's legal decisions *de novo . . .* but will afford *Chevron* deference to the BIA's reasonable interpretations of statutes which it is charged with administering." *Id.* (citations omitted).

3

## III. **Discussion**

Guzman argues that he should be eligible for a discretionary waiver of deportation under former section 212(c) because his date of conviction was entered *nunc pro tunc* to March 29, 1996, which precedes the date when the repeal of section 212(c) became effective. We find that Guzman is not eligible for this waiver.

Section 212(c), prior to its repeal by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) (effective April 1, 1997), gave the Attorney General discretion to grant a waiver of deportation for lawful permanent residents under certain circumstances. INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). Since its repeal, section 212(c) relief has remained available for those aliens "whose convictions were obtained through plea agreements and who, notwithstanding these convictions, would have been eligible for section 212(c) relief at the time of their plea under the law in effect." *INS v. St. Cyr,* 533 U.S. 289, 326 (2001); *see also* 8 C.F.R. § 1212.3(h).

Because Guzman entered his plea on October 5, 2006, more than nine years after the repeal of section 212(c), he was not eligible for section 212(c) relief at the time of his plea and is not eligible now. In *St. Cyr*, the Supreme Court declined to apply the repeal of section 212(c) retroactively "[b]ecause respondent, and other aliens like him, almost certainly relied upon th[e] likelihood [of receiving § 212(c) relief] in deciding whether to forgo their right to a trial," and thus eliminating the availability of this relief would have an impermissible retroactive effect. *St. Cyr,* 533 U.S. at 325. Unlike the respondent in *St. Cyr,* however, Guzman could not have relied upon the possibility of section 212(c) relief

4

when he made his plea. Therefore, applying the repeal of section 212(c) in this case would not have an impermissible retroactive effect.

Guzman argues that the date of his conviction governs whether he is eligible for section 212(c) relief and that his date of conviction is 2006. However, we conclude that the changing of the date of his conviction from 2006 to 1996 *nunc pro tunc* should be considered in the same light as the vacating of a conviction. The BIA has addressed the immigration consequences of a vacatur of conviction, holding that "[i]f . . . a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains 'convicted' for immigration purposes." *In re Pickering,* 23 I&N Dec. 621, 625 (BIA 2003), *rev'd on other grounds, Pickering v. Gonzales,* 465 F.3d 263 (6th Cir. 2006). The state court's amended judgment in this case should be treated similarly. There is no dispute that the state court granted Guzman's motion to change the date of conviction *nunc pro tunc* solely for immigration purposes. Because the judgment was amended for reasons unrelated to the merits of the underlying criminal proceedings, 2006 remains the date of conviction for immigration purposes, and he is not eligible for a section 212(c) waiver.

## IV. <u>Conclusion</u>

For the foregoing reasons, we will deny the petition for review.